L. KIMBRO, et al., Appellants, v. J. D. BRADSHAW, Appellee.

Opinion Filed June 17, 1914.

1.  Where the proof interposed as a defense in an action is regulated by statute, the statutory requirements should be substantially followed in making the essential proofs.

2.  Where a statute authorizes the use as evidence of a certificate of an analysis of fertilizer when it is "verified by the affidavit of the State Chemist," a certificate of analysis verified by the affidavit of an assistant State Chemist is not a compliance with the statute.

Appealed from the Circuit Court for Santa Rosa County; J. Emmett Wolfe, Judge.

Decree affirmed.

*Clark* & *Magaha,* for Appellants;

*Laird* & *Lee,* for Appellee.

WHITFIELD, J.—Bradshaw instituted proceedings to enforce a mortgage lien upon crops of cotton, corn, etc., given to secure payments for fertilizer sold and delivered to the defendants. By answer the defendants admitted the execution of the mortgage and averred that the fertilizer did not compare with the guaranteed analysis thereof, as required by statute, and that the fertilizer was inferior and of little or no value to the defendants; that under the statute the defendants submitted fair and duly selected samples of the fertilizer to the State Chemist for analysis, and that on such analysis defendants aver that the fertilizer was deficient. The defendants by virtue of the statute claimed as a set-off twice the amount demanded by the complainant. A replication was filed and testimony taken. There was final decree for the plaintiff and the defendants appealed.

It is contended here that the chancellor erred in excluding evidence that samples of the fertilizer were sent to the State Chemist for analysis, and in excluding certificates of analyses of samples of the fertilizer verified by affidavits made by an Assistant State Chemist. The applicable provisions of the Statute are as follows:

"Any person purchasing any fertilizer from any manufacturer or vendor in this State for his own use, such person being a citizen of this State, may submit fair samples of said fertilizer to the Commissioner of Agriculture for analysis. But in order to protect the manufacturer or

vendor from the submission of analysis of spurious samples, the person selecting the same shall do so in the presence of two or more disinterested persons, which samples shall be taken from one or more packages, and bottled, corked and sealed in the presence of said witnesses, and this sample package or bottle placed in the hands of a disinterested person, who shall forward the same, at the expense of the purchaser, to the Commissioner of Agriculture when the person so desires; and upon the receipt by him of any such sample packages, the Commissioner of Agriculture is hereby authorized to require the State Chemist to analyze the same, and he shall return to such purchaser or purchasers a certificate or certificates of analysis. The certificate shall in all cases set forth the component parts of said fertilizers, with their respective qualities, date of analysis and name or names of persons submitting the samples, and to be signed by the State Chemist, who is hereby required to keep an accurate account of the same; and the said certificate or record, when verified by the affidavit of the State Chemist, shall be competent evidence in any court of law or equity in this State.

Any person purchasing any fertilizer or fertilizing materials from any manufacturer or vendor who shall upon an analysis by the State Chemist, discover that he has been defrauded by reason of adulteration or deficiencies of constituent elements, either in quality or quantity, in the fertilizing materials so purchased, shall recover in any action he may institute, upon proof of the fact, twice the amount paid to or demanded by the manufacturer or vendor for the fertilizer or fertilizing material so pur chased." * * * Secs. 1271, 1272 Gen. Stats. of 1906.

As the defense interposed was regulated by statute, the statutory requirements should have been substantially followed in making the essential proofs. The evidence reject-

ed was offered to prove the sending of samples of the ferti-
lizer to the State Chemist instead of to the Commissioner
of Agriculture as specifically required by the Statute.
The certificates of analyses rejected as evidence were veri-
fied by the affidavits of an assistant State Chemist and
not by an affidavit of the State Chemist as expressly re-
quired by the statute. In excluding such evidence no er-
ror was committed. While the answer averred that the
samples were submitted to the State Chemist and the suffi-
ciency of the answer was not tested, the defendants were
required to prove a valid defense to the demand sued on.
The fact that under other statutes relating to the subject
of pure foods samples to be analyzed may be sent direct
to the State Chemist and certificates of analysis verified
by the affidavit of the State Chemist or his assistant shall
be *prima facie* evidence in any court of law or equity in
this State, does not authorize the use of such evidence
under the statute that is controlling in this case.

As the defendant made no legal proof of a defense the
decree for the complainant is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J.,
concur.

HOCKER, J., absent.